**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PAULETTE THOMPSON, | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF JOHNS CREEK, GEORGIA; and | ) | |
| CHRISTOPHER BYERS, in his Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT

Plaintiff Paulette Thompson ("Thompson" or "Plaintiff") respectfully submits the following Complaint:

## INTRODUCTION

At all times relevant to this dispute, Defendant Christopher Byers was the Chief of Police for the City of Johns Creek. Prior to the filing of this lawsuit, Byers used his position and the authority of his position to engage in a pattern and practice of sexually harassing female subordinates, including Plaintiff. He subjected Plaintiff to multiple sexual advances and comments. Plaintiff brings claims of sexual harassment against both the City and Defendant Byers under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. She also asserts state law

16

claims against both Defendants. Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Plaintiff's claims under the Fourteenth Amendment, which are actionable under 42 U.S.C. § 1983, present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendants reside in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. Plaintiff is an employee of the City of Johns Creek.

4. Defendant Byers is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his residence at 410 Riverwalk Terrace, Suwanee, GA 30024.

5. The City of Johns Creek ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Johns Creek may be served with process by serving Mayor Mike Bodker at 11360 Lakefield Drive, Johns Creek, GA 30097.

## FACTUAL ALLEGATIONS

6. Thompson has worked for the City of Johns Creek Police Department since 2008.

7. While she has served as Records Clerk and Administrative Assistant, Byers has occupied the roles of Lieutenant, Captain, Major and lastly Chief of Police from March 2020 through August 11, 2020.

8. From 2016 to December 2019, Byers engaged in unwelcome sexually harassing comments towards Thompson on a frequent basis.

9. Another member of the command staff showed Thompson pictures of his naked mistress from April 2016 to March 2017.

10. In June 2020, Thompson was interviewed pursuant to investigation into Byers's sexually harassing behavior. Thompson answered the investigator's questions and admitted that Byers made the disgusting, sexually harassing comment to her in December 2019. Thompson also informed the investigator that Byers's sexually harassing comments occurred frequently between April 2016 and December 2019.

11. Other comments included but are not limited to "I'm laying on Todd's couch waiting on you." As he laid there, Byers would have on gym shorts with his legs spread open.

12. As Byers would leave to work out, he would say, "I'm going to the locker room, come with me and help me change." When returning from working out he would

say "I've been waiting on you, but you never showed up."

13. Other sexually harassing comments included "Paulette, I'm going to my office, go wait under my desk for me."

14. He would also tell Plaintiff how his penis would not work. Specifically, he described how he could get an erection, but could not ejaculate.

15. The last comment in December 2019 was "this dick ain't gonna suck itself."

16. On August 11, 2020, Byers was allowed to resign from his position as Chief of Police based upon his misconduct towards Thompson.

17. Upon information and belief, the City was on notice that Byers had engaged in sexually harassing behavior in the workplace.

18. As a result of Defendants' above-stated actions, Plaintiff has been deprived of employment opportunities, income in the form of wages, prospective employment benefits, including social security, retirement, and other benefits to which she would have been entitled but for Defendants' illegal actions.

19. Defendants' actions have also caused Plaintiff to suffer out-of-pocket losses and mental and emotional distress for which she seeks redress.

### Governmental and Decision Maker Liability

20. The highest City official(s) with responsibility to protect Plaintiff against sexual harassment had actual or constructive knowledge of Byers's illegal actions

giving rise to this Complaint.

21.     Despite such actual or constructive knowledge, these officials failed to take reasonable, prompt, remedial action as required by the City anti-harassment policies and federal law to protect Plaintiff's right to be free from Byer's sexual harassment.

22.     Byers, along with the City officials who knew of his illegal harassment and failed to stop it, acted under color of state law when committing their acts or omissions giving rise to this Complaint as all of their conduct was perpetrated using the power and authority of their positions as City officials.

23.     At all times material to this Complaint, it was clearly established law that subjecting an employee to sexual harassment or a sexually hostile working environment based upon gender violates the Equal Protection Clause. At all times material to this Complaint, it was clearly established law that a supervisor may not take an adverse employment action against a subordinate because she rejects or complains about his sexual advances.

## **Punitive Damages Allegations**

24.     Defendant Byers undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her federally protected rights.

25.     Additionally, and in the alternative, Defendant Byers undertook all of the

above-pled conduct with reckless disregard for the Plaintiff and her federally protected rights.

## COUNT I
### Sexual Harassment/Gender Discrimination
### (42 U.S.C. § 1983 Against Defendant City
### and Defendant Byers in his Individual Capacity)

26. Plaintiff incorporates each of the above factual allegations as if fully restated here.

27. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws regardless of her gender.

28. Defendant Byers violated Plaintiff's rights to equal protection by, among other things, subjecting her to a sexually harassing hostile work environment.

29. Defendant City violated Plaintiff's rights to equal protection by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

30. The conduct of Defendants constitutes unlawful sexual harassment, based upon gender, in violation of the Equal Protection Clause.

31. Defendants undertook all of the unlawful conduct giving rise to Plaintiff's claims while acting under color of State and local law.

32. Defendants' unlawful conduct violated the above-pled clearly established

law.

33. As a direct and proximate result of all of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

34. Defendants undertook their unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against them.

35. Alternatively, Defendants undertook their unlawful conduct recklessly with respect to the Plaintiff and their federally protected rights, entitling Plaintiff to recover punitive damages against them.

## COUNT II
### Assault
### (Against Defendant Byers in his Individual/Personal Capacity)

36. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37. The actions of Defendant Byers described above constitute assault as he threatened to make unjustified, harmful, and offensive contact with Plaintiff.

38. As a direct and proximate result of the assault committed by Defendant Byers, Plaintiff suffered, and will in the future suffer from these and other damages.

39. Defendant Byers acted with malice when he assaulted Plaintiff.

## COUNT III
## Negligent Hiring, Retention, and Supervision
## (Against Defendant City)

40. Plaintiff incorporates all preceding paragraphs of the Complaint.

41. The City owed a duty of care to Plaintiff to exercise reasonable caution and diligence when hiring Defendant Byers so as to avoid hiring a man who could be reasonably foreseen to sexually harass, assault, or otherwise endanger female employees as Defendant Byers did in this case.

42. Defendant City breached this duty of care by, inter alia, failing to perform reasonable pre-employment investigation and inquiry concerning Defendant Byers and by otherwise failing to exercise reasonable caution and diligence when hiring him.

43. Defendant City further breached this duty of care when it, inter alia, became aware that Defendant Byers was sexually harassing other women and took no action to review his employment or remove him from employment.

44. As a direct and proximate result of Defendant City's breach of this duty of care, Plaintiff has suffered damages, including emotional damages.

45. After hiring Defendant Byers, Defendant City owed a continuing duty of care to Plaintiff to exercise reasonable caution and diligence in retaining, supervising, and training Defendant Byers to avoid reasonably foreseeable conduct amounting to sexual harassment, assault, battery or otherwise endangering female employees as Defendant Byers did in this case.

46. Defendant City breached this duty of care by, inter alia, failing to intercede despite actual and/or constructive knowledge making it reasonably foreseeable that Defendant Byers would sexually harass, assault, or otherwise endanger female employees like Plaintiff as happened in this case.

47. As a direct and proximate result of Defendant City's breach of its duty of care, Plaintiff has suffered damages, including emotional damages and loss of employment and compensation.

## COUNT IV
## Punitive Damages O.C.G.A. § 51-12-5.1
## (Against Defendant Byers
## in his Individual/Personal Capacities)

48. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

49. Defendant's above-pled actions were willful, malicious, wanton and/or oppressive within the meaning of O.C.G.A. § 51-12-5.1(b).  Additionally, and in the alternative, Defendant's actions display within the meaning of that statute, an entire want of care indicative of a conscious indifference to their actions' consequences.

## COUNT V
## Attorneys' Fees and Expenses of Litigation O.C.G.A. § 13-6-11
## (Against All Defendants)

50. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to

recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendants violated the Plaintiff's rights under the Equal Protection Clause;

b. an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

c. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

d. punitive damages, against Defendant Byers in his individual capacity, in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant Byers for his conduct toward Plaintiff and deter him from similar conduct in the future;

e. reasonable attorneys' fees and costs; and

f. other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this 23rd day of October 2020,

                                            **LEGARE, ATTWOOD & WOLFE, LLC**

                                            *s/Eleanor Mixon Attwood*
                                            Eleanor Mixon Attwood
                                            Georgia Bar No. 514014
                                            emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue,
Suite 380
Atlanta, GA  30361
Telephone: 470.823.4000
Facsimile: 470.201.1212

Counsel for Plaintiff